NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-5157

TONY JIBILIAN,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  April 4, 2006

_____

Before NEWMAN, RADER, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

Tony Jibilian appeals from a decision of the Court of Federal Claims dismissing his complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.  <u>Jibilian v. United States</u>, No. 04-1663T (Fed. Cl. June 6, 2005).  We <u>affirm</u>.

I

In 1999, 2000, and 2001, Mr. Jibilian and his wife filed tax returns reporting several hundred thousand dollars of income and the taxes due on that income.  Those tax returns also showed corresponding payments and credits covering the taxes due.  In

November 2002, the Jibilians filed amended returns for those three years, claiming zero taxable income for each year and requesting a refund of all taxes paid for those three years. In the amended returns, the Jibilians argued that the tax code and regulations exclude from taxable income all income that does not derive from a foreign source. The IRS determined that the Jibilians' claims were frivolous and disallowed the claims in May and June of 2004.

Mr. Jibilian filed the present action in the Court of Federal Claims seeking a refund of the taxes paid. In his complaint, Mr. Jibilian continued to assert that the tax code and regulations do not include domestically earned income as taxable income. The Court of Federal Claims dismissed that argument as having no merit. In addition to that argument, Mr. Jibilian also asserted various other arguments in his complaint. For instance, Mr. Jibilian argued that the tax code applies only to citizens who reside in the District of Columbia or territories of the United States, and therefore that, as a resident of California, he could not be liable for federal income tax. The Court of Federal Claims dismissed those additional arguments as having no merit and also concluded that the court was barred from considering many of Mr. Jibilian's arguments because he had not raised those arguments in his refund claim to the IRS. Mr. Jibilian appeals.

II

In his brief to this court, Mr. Jibilian asserts that he is not liable for federal income tax for 1999, 2000, and 2001. Each of his arguments leads to the conclusion that the vast majority of citizens are exempt from federal income tax. His arguments, however, ignore the bedrock sections of the tax code. Section 1(a) of the Internal Revenue Code, 26 U.S.C. § 1(a), imposes an income tax on the income of all citizens of the United

States, and section 61 of the Code defines income to include "all income from whatever source derived," 26 U.S.C. § 61. Although Mr. Jibilian disputes the definition of "citizen," the Court of Federal Claims noted that his tax avoidance argument has been uniformly rejected by federal courts. See, e.g., United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994). Mr. Jibilian does not dispute that he earned substantial income during the period in question. Thus, Mr. Jibilian is liable for tax on that income, and his arguments to the contrary are without merit.

Mr. Jibilian argues that because his claims were dismissed, he was prevented from conducting discovery. He contends that discovery might show that IRS records do not include a valid tax assessment for the years in question, as required by section 6203 of the Code, 26 U.S.C. § 6203. While it is unclear whether Mr. Jibilian has preserved that argument (i.e., whether he raised the argument in his claim for refund and in his complaint before the Court of Federal Claims), we hold in any event that the argument is meritless. First, in its motion to dismiss, the government submitted copies of Certificates of Assessments and Payments (Forms 4340) for the relevant years. Those certificates create a presumption that the IRS complied with section 6203, and Mr. Jibilian has not shown why that presumption is overcome in this case. Second, the dispositive facts in this case are that Mr. Jibilian earned substantial taxable income during 1999, 2000, and 2001, and that he has shown no plausible reason why he is entitled to any refund of the taxes that he paid pursuant to his initial filings. Even if there were any irregularity in the IRS assessments for those years, that would not affect our conclusion as to the merits of Mr. Jibilian's claim.